IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COMPLETE DISTRIBUTION SERVICES, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **ALL STATES TRANSPORT, LLC**, <br><br> Defendant. | Case No. 3:13-cv-00800-SI <br><br> **OPINION AND ORDER** |

John A. Anderson and Keven M. Anderson, ANDERSON & YAMADA, P.C., 9755 SW Barnes Road, Suite 675, Portland, OR 97225. Of Attorneys for Plaintiff.

Flavio A. Ortiz and Martin M. Rall, LACHENMEIER ENLOE RALL & ORTIZ, 9600 SW Capitol Highway, Suite 200, Portland, OR 97219. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Before the Court is the motion of Plaintiff Complete Distribution Services, Inc. ("CDS") asking the Court to reconsider its opinion denying CDS's motion for summary judgment on Defendant All States Transport, LLC's ("AST") affirmative defense that CDS failed to perform a condition precedent. For the reasons that follow, the Court denies CDS's motion for reconsideration.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

AST signed a contract with CDS in 2010. The contract contained the following condition:

> If any dispute arises about any matter covered by the terms of this Transportation Contract, the dispute must be submitted, by the party who alleges a violation filing a complaint with the Surface Transportation Board (STB). This dispute must be submitted to the STB in the form of a complaint of declaratory action. The submission shall be in accordance with the provisions of 49 C.F.R. 111 or 1117.
>
> No court action can be taken by either party prior to the decision of the STB, and the decision of the STB shall be a binding, final, and non-appealable decision. If for any reason the STB refuses to accept the complaint, or refuses to make a ruling on the subject matter of the complaint, then the parties' recourse shall be to the judicial system, either state or federal.

Dkt. 86-1 at 19. AST also signed a number of load confirmations that stated: "Carrier agrees . . . to submit to the exclusive jurisdiction of the Oregon Circuit Court and U.S. District Court located in Multnomah County, Oregon for judicial resolution of disputes . . . ." Dkt. 86-1 at 68.

AST asserts an affirmative defense of breach of contract. AST argues that CDS breached the 2010 Contract by failing to perform the condition precedent of bringing its claims to the STB. CDS responds that the load confirmations, in addition to a contract CDS asserts became operable in 2012, superseded the 2010 Contract and did not require AST to bring claims to the STB. Additionally, CDS, in its motion for reconsideration, argues that cases, treatises, and Interstate Commerce Commission ("ICC") declarations establish that the STB has no jurisdiction to award damages except where the activity or non-activity alleged constitutes a violation of the Interstate Commerce Act. As a result, argues CDS, AST's argument that breach of contract issues must be submitted to the STB is without merit. Accordingly, CDS moves the Court to dismiss AST's affirmative defense regarding the condition precedent.

# DISCUSSION

On September 30, 2015, the Court denied CDS's motion for summary judgment on all claims, including AST's affirmative defense of breach of contract for failure to perform a condition precedent. On October 20, 2015, CDS filed a motion for reconsideration under Federal Rule of Civil Procedure 54(b), arguing that the Court made clear errors of law and fact. CDS's motion fails because it is based on arguments and evidence that could have previously been raised with the Court.

A district court has inherent power, derived from the common law, to rescind, reconsider, or modify an interlocutory order. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure."); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (noting that a district court has the inherent authority to modify, alter, or revoke any non-final order). A district court "'possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient'" *City of Los Angeles*, 254 F.3d at 885 (emphasis in original) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). In addition, Federal Rule of Civil Procedure 54(b) provides that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities."

Reconsideration may be appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he major grounds that justify reconsideration involve an intervening of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

PAGE 3 – OPINION AND ORDER

manifest injustice." (citation and quotation marks omitted) (alteration in original)). Courts grant reconsideration "only in very limited circumstances." *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999). Arguments and evidence that could have been included when litigating the original motion are not proper grounds for reconsideration. *See id.* (finding no abuse of discretion by district court in denying a motion for reconsideration when movant offered no reason for failure to provide the evidence when litigating the underlying motion); *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."); *Cachil Dehe Band of Wintun Indians of Colusa Indian Cnty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) ("In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation." (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).

Here, CDS raises arguments and offers evidence for the first time in its motion for reconsideration. CDS concedes that in its original motion, CDS "did not adequately address the jurisdictional issue to the court, but does so now." Dkt. 99 at 3. In support of its motion for reconsideration, CDS submits six new exhibits: (1) a leading treatise on transportation law and liability for loss and damage; (2) an excerpt of a book currently in its fourth edition; (3) a statement from an ICC rulemaking proceeding in 1972; (4) an ICC report from 1909; (5) an ICC report from 1926; and (6) ICC reports from 1917, 1947, and 1961. CDS does not assert that any of these documents were unavailable at the time CDS filed its motion for summary judgment.

CDS could have raised its arguments and evidence in CDS's reply, but did not. In AST's response to CDS's motion for summary judgment, AST argued that the STB could hear contract

PAGE 4 – OPINION AND ORDER

claims between a broker and carrier that did not arise under the Carmack Amendment. In support of this argument, AST submitted an STB decision from December 19, 1997, that AST asserted stood for the proposition that the STB will not decide Carmack Amendment disputes, including the effects of tariffs, but could possibly decide other sorts of disputes between shippers and carriers. CDS offered only a brief response in its reply, incorrectly asserting that AST waived the affirmative defense of condition precedent by failing to raise it in AST's motion to set aside default. CDS also asserted in conclusory fashion, "The bottom line on this issue is that the STB will not entertain a request to resolve a dispute between a broker and a motor carrier." Dkt. 93 at 25. CDS made no further argument relating to the text of the load confirmations. In its reply, CDS chose not to assert additional arguments or provide evidence in response to AST's arguments. It is inappropriate for CDS now to do so through a motion for reconsideration.[1]

## CONCLUSION

CDS's Motion for Reconsideration (Dkt. 99) is DENIED.

**IT IS SO ORDERED**.

DATED this 2nd day of November, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] Nine days after CDS filed its motion for reconsideration, CDS filed its Supplemental Authority in Support of Motion for Reconsideration. Dkt. 100. CDS attached correspondence from CDS to the STB dated October 19, 2015, and the STB's response dated October 22, 2015. Dkts. 100-1 and 100-2. Although this evidence was generated after the Court ruled on September 30, 2015, CDS offers no explanation for why the evidence could not have been obtained during the parties' briefing and before the Court's ruling.

PAGE 5 – OPINION AND ORDER